IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W.P. HICKMAN SYSTEMS, INC., | ) | CASE NO. 1:04 CV 2104 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THE GARLAND COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |

This matter is before the Court on the Motions for Summary Judgment filed by Defendants Gregory S. DuPont (Docket #343) and Paul M. AuCoin (Docket #344). On October 19, 2004, Plaintiff filed its Complaint in this Court, alleging various claims against Defendants, including claims against Attorney Defendants DuPont and AuCoin including claims for conspiracy to breach contract; intentional interference with prospective economic advantage; conspiracy to commit abuse of process; violation of the Ohio Uniform Trade Secrets Act, Ohio Rev. Code § 1333.61; deceit; and, violation of the Ohio Pattern of Corrupt Activity Law, Ohio Rev. Code § 2321.31.

This lawsuit arises from an underlying action filed in the Franklin County Court of Common Pleas, *Division 7, Inc. v. W.P. Hickman Systems, Inc.*, et al., Case No. 98-CV-1962,

involving allegations of misconduct in connection with failed bids for certain construction projects. The original lawsuit was settled. However, Plaintiff alleges that the confidentiality agreement associated with that settlement was compromised and proprietary information and trade secrets were disclosed to Defendant, the Garland Company, by Attorney Defendants DuPont and AuCoin.

On June 2, 2006, Attorney Defendants Dupont and AuCoin filed their Motions for Summary Judgment. (Docket #s 343 and 344.) On June 21, 2006, Plaintiff filed Briefs in Opposition. (Docket #s 383 and 384.) On June 28, 2006 and June 29, 2006, Mr. Dupont and Mr. AuCoin filed their Reply Briefs and requested an oral hearing. (Docket #s 419 and 423.) On July 12, 2006, all Parties appeared before this Court for an oral hearing.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary

-2-

judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by

-3-

the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining

-4-

whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*. 477 U.S. at 250.

## Discussion

Based upon a thorough review of the briefs and supporting material submitted by the Parties. and taking into consideration the testimony of the Parties before this Court on June 12, 2006, there is no genuine issue as to any material fact and Attorney Defendants Gregory S. DuPont and Paul M. AuCoin are entitled to summary judgment as a matter of law. Although Mr. DuPont participated in the litigation of the case at issue, Plaintiff has presented no evidence of any unlawful activity by Mr. DuPont. Mr. DuPont was a junior attorney working on the case – researching, gathering evidence. conducting discovery. and, preparing the case for trial. Likewise, there is no evidence that Mr. AuCoin participated in any of the alleged wrongful acts of which Plaintiff complains. In fact, all of the alleged duplicitous and/or unlawful acts complained of occurred prior to Mr. AuCoin's participation in the case. In short, Plaintiff has failed to present evidence to this Court of any genuine factual issues which could result in a finding in favor of Plaintiff on any of its claims against Mr. DuPont and/or Mr. AuCoin.

For the foregoing reasons, the Motions for Summary Judgment of Defendants Gregory S. DuPont (Docket #343) and Paul M. AuCoin (Docket #344) are hereby GRANTED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: July 19, 2006